In re QUICKTURN DESIGN SYS-
TEMS, INC. and Cadence Design
Systems, Inc., Petitioners.

No. MISC. 718.

United States Court of Appeals,
Federal Circuit.

Dec. 19, 2002.

Before MICHEL, CLEVENGER, and
LINN, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

CLEVENGER, Circuit Judge.

*ORDER*

Quickturn Design Systems, Inc. and Ca-
dence Design Systems, Inc. (Quickturn)
petition for a writ of mandamus to direct
the United States District Court for the
Northern District of California to vacate
its summary judgment of infringement of
claim 8 of the 5,999,725 ('725 patent).

Mentor Graphics Corporation sued
Quickturn for, inter alia, infringement of
six patents. Mentor moved for summary
judgment of infringement of claim 8 of
the '725 patent. On August 7, 2002, the
district court granted the motion.*
Counts relating to the other patents and
trade secret issues remain to be litigated.

Quickturn argues that the district court
improperly granted summary judgment

---

* Quickturn waited for nearly four months after
the district court's ruling to file a petition
seeking review of the ruling.

and abused its discretion in failing to consider certain evidence as "fact testimony." Quickturn states that the ruling will "prejudice Quickturn beyond being forced to proceed with a trial in which fact evidence has been ignored and it has already been improperly labeled an 'infringer.'" Further, Quickturn asserts that "an ordinary appeal cannot and will not remedy the infectious prejudice Quickturn will suffer in the jury's deliberations on other, similar claim infringement questions and the attendant trade secret misappropriation charge, the extent of, and harm caused thereby, which will be impossible to ascertain on appeal."

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36.

Quickturn's arguments that it deserves issuance of a writ because of the "infectious prejudice" of the district court's ruling on the upcoming trial is not persuasive. Assuming for the sake of argument that the district court erred, we are not at all convinced that such an error differs from the types of errors often urged on appeal. Review may be obtained by direct appeal

after final judgment and, thus, mandamus is not an appropriate vehicle for review. *See Allied,* 449 U.S. at 35 ("Although a single showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances would undermine the settled limitations upon the power of an appellate court to review interlocutory orders" [citation omitted] ).

Accordingly,

IT IS ORDERED THAT:

Quickturn's petition is denied.